GAUDIN, Judge.
This is an appeal by Save Our Wetlands, Inc. following the rezoning of an 1,800-acre tract in St. John the Baptist Parish from residential to commercial. Appellant contends that the parish council’s decision was arbitrary and capricious and was made without adequate feasibility and environmental studies.
The record, however, indicates that the property was rezoned after several public hearings before the parish’s zoning commission and after a public debate before the council. Various ideas and thoughts were expressed. As there was *791 sufficient evidence and testimony in support of the rezoning request, we are prohibited from saying that the council’s action was arbitrary or capricious or from substituting our judgment for that of elected public officials in the event our conclusions differ. Accordingly, we affirm.
In Palermo Land Co. v. Planning Commission, 561 So.2d 482 (La.1990), the Supreme Court of Louisiana clearly stated the courts’ role in zoning cases. The authority to deal with zoning flows from the police power of governmental bodies and that whenever the propriety of a zoning decision is debatable, it will be upheld.
Here, the primary thrust of appellant’s argument is that the council was not fully informed before agreeing with the rezoning petition. The council did listen to, and apparently was swayed by, favorable expert testimony including that of Dr. Dennis Earhardt, the head of the Department of Geography and Urban and Regional Planning at the University of Southwestern Louisiana. Dr. Earhardt, who performed a zoning analysis at the request of St. John the Baptist Parish, testified that the area in question, known as Whitney Plantation, was “ ... ideally suited for this type of industrial development.”
Dr. Earhardt further said that the property had adequate land access; in fact, Dr. Earhardt stated, if the area developed resi-dentially instead of commercially, there would be more of a traffic problem.
To rebut Dr. Earhardt in district court, appellant called Dr. Ralph Thayer, a University of New Orleans professor in urban planning and public administration and an expert in land use and zoning. Dr. Thayer said that the parish council, when it made its rezoning decision, did not have sufficient information on which to grant or deny the zoning change. However, there is no requirement, statutory or otherwise, for any parish council to order or conduct a land use study in a rezoning matter.
St. John the Baptist Parish, according to testimony in the record, has a relatively high unemployment rate, a rate of 7.2 in March, 1991 compared to the overall Louisiana unemployment rate of 6.2. The parish council no doubt considered this factor and felt that the proposed industrial plant would have a much needed economic impact.
In any event, elected public officials are vested with the responsibility of making zoning decisions. There was objection to the instant change and we agree that the decision was probably debatable; however, the authority of the courts in such instances must bow to the police power of the elected governing body.
We affirm the judgment of the 40th Judicial District Court dated August 10, 1991 with Save Our Wetlands, Inc. to bear costs of this appeal.
AFFIRMED.